480

**In re SHAMOKIN LUMBER & CON-
STRUCTION CO.**

**No. 10391.**

District Court, M. D. Pennsylvania.
March 9, 1944.

---

Walter H. Compton, of Harrisburg, Pa., referee in bankruptcy.

Frederic Lark, of Shamokin, Pa., for trustee.

John L. Pipa, of Shamokin, Pa., for Shamokin Dye & Print Co.

JOHNSON, District Judge.

This is a petition of Shamokin Dye and Print Company, of Shamokin, Northumberland County, Pennsylvania, praying for the suspension of an order of the Referee in Bankruptcy dismissing exceptions filed by the petitioner to a confirmation of sale, and requesting a review of the proceedings before the Referee.

The question presented is whether exceptions filed to the confirmation of a sale two days after the sale was confirmed by the Referee were properly dismissed.

The facts are as follows: On September 7, 1943, the Trustee in Bankruptcy of the above-named bankrupt presented his petition for leave to make sale, by public auction of the personal property of the bankrupt. Notice of the proposed sale was sent to all creditors and parties in interest. At a meeting of creditors called to consider the proposed sale no objections were made or exceptions filed. An order was thereupon entered directing the sale to be held on September 30, 1943. On that date the sale was held and on October 5, 1943, the trustee made his return of sale to the Referee. Upon the filing of the return of sale the Referee made the following order.

"And Now, October 5, 1943, it appearing that the personal property of the bankrupt was sold for a sum in excess of the appraised value, and it appearing further that no exceptions or objections have been filed,

"It Is Ordered that the sale be, and the same hereby is confirmed to Charles J. Chervanick, of Shamokin, for the sum of $3,300.00."

On October 7, 1943, petitioner filed with the Clerk of the Court at Scranton, a paper entitled "Exceptions to the Confirmation of the Sale", which had been held on September 30, 1943. These exceptions were received by the Referee on October 9, 1943. The sale already having been confirmed on October 5, 1943, the undersigned Referee entered the following order, dismissing the exceptions:

"And Now, October 13, 1943, it appearing that on September 30, 1943, the Trustee sold the assets of the above entitled bankrupt at public sale, pursuant to notice to all creditors and parties in interest, and

"It appearing that the Trustee made his return of sale to the undersigned Referee on October 5, 1943, whereupon the following Order was entered:

"And Now, October 5, 1943, it appearing that the personal property of the bankrupt was sold for a sum in excess of the appraised value, and it appearing further that no exceptions or objections have been filed,

"It Is Ordered, that the sale be, and the same hereby is, confirmed to Charles J. Chervanick, of Shamokin, for the sum of $3,300.00.

" 'And it appearing further that on October 7, 1943 exceptions were filed with the

Clerk of this Court, to the confirmation of the sale, by Shamokin Dye & Print Company, of Shamokin, Pennsylvania, which exceptions were received by the undersigned Referee on October 9, 1943, and

"It appearing, therefore, that the exceptions were filed and received several days after the final confirmation of said sale,

"It Is Ordered That the exceptions be, and the same are hereby dismissed."

Copies of the order dismissing the exceptions were mailed to Frederick Lark, Esq., attorney for the trustee and to John L. Pipa, Jr., Esq., attorney for Shamokin Dye and Print Company, of Shamokin, Pennsylvania, and thereafter on October 16, 1943, the Shamokin Dye and Print Company, of Shamokin, Pennsylvania, filed a petition for review of said order by the court.

The "Exceptions to the Confirmation of Sale by Trustee", filed in this court on October 7, 1943, comprise a complaint upon the part of the petitioner relative to alleged errors in the conduct of the aforesaid sale of the personal property of the bankrupt by the Trustee in Bankruptcy. Those alleged errors cannot be considered in this review. The prayer of the petition for review requests this court to suspend the enforcement of the order of the Referee dismissing the exceptions to the confirmation of sale. In this proceeding only the propriety of the order of the Referee in dismissing the exceptions will be considered.

It is the contention of the petitioner that the Referee erred in confirming the return of sale of the Trustee in Bankruptcy on the same day that the return of sale was filed. Petitioner contends that it was thereby deprived of an opportunity to file its exceptions alleging errors in the conduct of the sale in that "no time was allotted by the Referee to an interested party to file exceptions to the confirmation of the sale by the Trustee."

The action of the Referee must be sustained. There is no provision in the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., nor in any rule of court, which makes it mandatory for the Referee in Bankruptcy to hold a petition for confirmation of sale of personal property for any length of time before making an order of confirmation when the sale appears to be regular on the face of the petition for confirmation.

The petitioner had from September 30, 1943, the date the sale was held, until October 5, 1943, the date on which the return of sale was made and confirmed, or a period of five days, in which to file exceptions to the conduct of the sale. Petitioner's exceptions are marked filed in this court on September 7, 1943, and subsequently marked filed in the office of the Referee on October 9, 1943. It is thus apparent that petitioner having failed to present its exceptions promptly and within the five days between the date of the sale and the date of the trustee's petition for confirmation thereof cannot complain of the action of the referee in confirming the return of the sale on the day it was presented to him for that purpose.

And now, this 9th day of March, 1944, the petition for review is dismissed and the rule to show cause issued thereon on October 25, 1943, is hereby discharged.